IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRANDON LOTTIE, | |
|     PLAINTIFF, | |
| v. | Case No. 4:13-cv-458 |
| AUDUBON FINANCIAL BUREAU LLC, and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | |
|     DEFENDANTS | |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of Defendant Audubon's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA"), and the Texas Finance Code § 392.001, et seq.

### VENUE

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), in that Defendant Audubon transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

5. The Plaintiff resides in this Judicial District.

**PARTIES**

6. The Plaintiff, Brandon Lottie ("Plaintiff"), is an adult individual residing in Collin County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

7. Defendant Audubon Financial Bureau LLC ("Defendant Audubon") is a business entity operating from Amherst, New York.

8. Defendant Audubon can be served in the State of Texas via its registered agent, C T Corporation System, at 350 North St. Paul St., Ste. 2900, Dallas, TX 75201.

9. Defendant Travelers Casualty and Surety Company of America ("Defendant Travelers") is the surety company for the bond Defendant Audubon has on file with the Texas Secretary of State.

10. Defendant Travelers is a foreign entity that can be served in the state of Texas via its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

11. Defendant Travelers is liable for acts committed by Defendant Audubon pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

12. Defendant Audubon is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

13. The principal purpose of Defendant Audubon is the collection of debts using the mails and telephone and other means.

14. Defendant Audubon regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

**FACTUAL ALLEGATIONS**

15. At some time in the past, the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account").

16. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

17. The Account allegedly went into default with the original creditor.

18. After the Account allegedly went into default, the Account was placed with or otherwise transferred to Defendant Audubon for collection.

19. The Plaintiff disputes the Account.

20. The Plaintiff requests that Defendant Audubon cease all further communication on the Account.

21. Defendant Audubon's collector(s) were employee(s) of Defendant Audubon at all times mentioned herein.

22. Defendant Audubon acted at all times mentioned herein through its employee(s).

23. During the one year prior to the filing of this complaint, Defendant called Plaintiff on multiple occasions.

24. In one such call with Plaintiff, an employee of Defendant Audubon told Plaintiff that Audubon was not trying to collect on the Account, but was, instead, calling to warn the plaintiff that a judicial proceeding had been or soon would be started against Plaintiff.

25. In the call referenced in paragraph 24 above, the employee for Defendant Audubon told Plaintiff that Plaintiff had committed a "major offense" and that the "courts don't take this lightly." Plaintiff was also told that Plaintiff "might want to get in touch with an attorney."

26. The employee for Defendant Audubon also informed Plaintiff that Plaintiff could avoid the impending legal peril by settling out of court.

27. As of the filing of this complaint, the Plaintiff has not been sued on the account which Defendant Audubon was attempting to collect.

28. Defendant Audubon's purpose for calling the Plaintiff was to attempt to collect the Account.

29. In the same call discussed in paragraphs 24-26 above and in other calls with Plaintiff, Defendant Audubon did not provide Plaintiff with meaningful disclosure of Defendant Audubon's identity and failed to inform Plaintiff that Defendant Audubon was a debt collector.

30. The telephone calls constituted a "communication" as defined by FDCPA § 1692a(2).

31. The only reason that Defendant Audubon and/or representative(s), employee(s) and/or agent(s) of Defendant Audubon made telephone call(s) to the Plaintiff was to attempt to collect the Account.

32. The only reason that Defendant Audubon and/or representative(s), employee(s) and/or agent(s) of Defendant Audubon had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

33. The only reason that Defendant Audubon and/or representative(s), employee(s) and/or agent(s) of Defendant Audubon left message(s) for the Plaintiff was to attempt to collect the Account.

34. During one or more communications with the Plaintiff in the year prior to the filing of this complaint, while attempting to collect the Account, Defendant Audubon did not provide the language required by 15 U.S.C § 1692e(11) and Tex. Fin. Code § 392.304(5)(B).

35. During one or more communications with the Plaintiff in the year prior to the filing of this complaint, while attempting to collect the Account, Defendant Audubon did not disclose clearly the name of the person to whom the debt has been assigned or is owed when making a demand for money as required by Tex. Fin. Code § 392.304(4).

36. The statements and actions of Defendant Audubon and its representative(s), employee(s) and/or agent(s) constitute illegal communication in connection with debt collection and violate 15 U.S.C. § 1692e(2)&(3)&(5)&(7)&(10)&(11) and Tex. Fin. Code §392.301(2)&(6)&(8) and § 392.304(4)&(5)(A)&5(B)&(8)&(14)&(19).

37. All of the conduct by Defendant Audubon and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

38. As a consequence of Defendant Audubon's collection activities and communication(s), the Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and Tex. Fin. Code § 392.403.

## RESPONDEAT SUPERIOR

39. The representative(s) and/or collector(s) at Defendant Audubon were employee(s) of Defendant Audubon at all times mentioned herein.

40. The representative(s) and/or collector(s) at Defendant Audubon were agent(s) of Defendant Audubon at all times mentioned herein.

41. The representative(s) and/or collector(s) at Defendant Audubon were acting within the course of their employment at all times mentioned herein.

42. The representative(s) and/or collector(s) at Defendant Audubon were acting within the scope of their employment at all times mentioned herein.

43. The representative(s) and/or collector(s) at Defendant Audubon were under the direct supervision of Defendant Audubon at all times mentioned herein.

44. The representative(s) and/or collector(s) at Defendant Audubon were under the direct control of Defendant Audubon at all times mentioned herein.

45. The actions of the representative(s) and/or collector(s) at Defendant Audubon are imputed to their employer, Defendant Audubon.

46. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

47. The previous paragraphs are incorporated into this Count as if set forth in full.

48. The act(s) and omission(s) of Defendant Audubon and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692e(2)&(3)&(5)&(7)&(10)&(11).

49. Pursuant to 15 U.S.C. § 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

## COUNT II: VIOLATIONS OF THE TEXAS FINANCE CODE

50. The previous paragraphs are incorporated into this Count as if set forth in full.

51. The act(s) and omission(s) of Defendant Audubon and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.301(2)&(6)&(8) and § 392.304(4)&(5)(A)&5(B)&(8)&(14)&(19).

52. Pursuant to Tex. Fin. Code § 392.403, the Plaintiff seeks damages, reasonable attorney's fees and costs.

## COUNT III – INVASION OF PRIVACY (INTRUSION ON SECLUSION)

53. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendant is liable to the Plaintiff for invading the Plaintiff's privacy (intrusion on seclusion). Defendant intentionally intruded on the Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

54. The Plaintiff suffered actual damages as a result of Defendant's intrusion.

## JURY TRIAL DEMAND

55. The Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court grant the following:

56. Judgment in favor of the Plaintiff and against Defendant Audubon.

57. Actual damages pursuant to 15 U.S.C. 1692k(a)(1).

58. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2).

59. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

60. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403.

61. Such other and further relief as the Court deems just and proper.

                              Respectfully submitted,

                              /s/ Jeff Wood
                              Jeff Wood, Esq.
                              ArkBN: 2006164
                              103 N. Goliad, Suite 204
                              Rockwall, TX  75087
                              TEL: 615-628-7128
                              FAX:  615-807-3344
                              EMAIL: jeff@mmlaw.pro

*Attorney for Plaintiff*

Of Counsel to:
McClendon & Milligan
PO Box 828
Franklin, TN  37065-0828

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Brandon Lottie

### DEFENDANTS
Audubon Financial Bureau, LLC
Travelers Casualty and Surety Company of America

**(b)** County of Residence of First Listed Plaintiff: Collin County, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: New York
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeff Wood
103 N. Goliad, Suite 204
Rockwall, TX 75087    (615) 628-7128

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | | | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** / **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - Med. Malpractice / ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / **Habeas Corpus:** | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | | ☐ 535 Death Penalty | **IMMIGRATION** | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. sec. 1692
Brief description of cause:
defendant committed violations of Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $** 25,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions)*
JUDGE _____
DOCKET NUMBER _____

DATE: 8/12/13
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____